PER CURIAM.
A.E.Q. (“the mother”), who is an Illinois resident and the mother of a child born out of wedlock, S.Q. (“the child”), petitions this court for a writ of mandamus directed to the Jefferson Family Court (“the Alabama court”), in which B.B.B. (“the father”), an Alabama resident, has brought an action seeking a determination of paternity and custodial and visitation rights as to the child; the mother seeks an order compelling dismissal of the father’s action. Because we conclude that the mother has not timely sought mandamus review, we dismiss the petition.
The attachments to the mandamus petition and the father’s response thereto reveal that the mother, who attended college in Alabama, and the father engaged in intimate relations in September 2010, Which union resulted in the child’s birth in Illinois in May 2011; the father has acknowledged to the mother and to third parties that he is the father of the child, and genetic testing has indicated a 99.9% probability of the father’s paternity. Within two weeks of the child’s birth, the mother filed a complaint in the Circuit Court for the 22d Judicial Circuit in McHenry County, Illinois (“the Illinois court”), seeking an adjudication of the father’s paternity, sole custody of the child, and monetary awards for the expenses of the mother’s pregnancy and the child’s birth and for support of the child; the father likewise filed a complaint in the Alabama court seeking an adjudication of his paternity, awards of custody and visitation, and an attorney-fee award. The father filed an objection in the Illinois court to any exercise of in personam jurisdiction over him by that court, asserting that he had insufficient contacts with Illinois to support the exercise of jurisdiction of that state’s courts over him. The mother likewise filed in the Alabama court what she termed a “limited appearance” in which she asserted, among other things, that the courts of Illinois had exclusive subject- *390 matter jurisdiction to determine the child’s custody and visitation because, she said, Illinois was the home state of the mother and the child; the mother moved that the Alabama court dismiss the father’s complaint or “refer” it to the Illinois court.
In August 2011, the Illinois court determined that, although it did not have personal jurisdiction over the father and could not properly adjudicate the mother’s monetary claims in that action, that court did have subject-matter jurisdiction to adjudicate the remaining issues of paternity and custody because Illinois was the home state of the child. On October 31, 2011, the Alabama court entered an order directing paternity testing and denying the mother’s jurisdictional motion as “premature.” After that testing had taken place, the Alabama court entered an order on February 29, 2012, stating that a trial would be set as permitted by docket availability “on the issues of paternity, child support, custody, and visitation.” In response to that order, the Illinois court entered an order on March 12, 2012, reiterating its determination that it had exclusive subject-matter jurisdiction as to custody and parenting issues pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), a uniform code of laws that is in force in both Alabama and Illinois. See generally Ala. Code 1975, § 30-3B-101 et seq.; 750 Ill. Comp. Stat. Ann. § 36/101 et seq.
On April 6, 2012, the mother, appearing through new counsel, filed a petition in this court seeking a writ of mandamus compelling the Alabama court to dismiss the father’s complaint. The mother asserted in that petition that, under Ala.Code 1975, § 30-3B-201(a)(l), a portion of Alabama’s codification of the UCCJEA, a court of this state has jurisdiction to make an initial child-custody determination only if Alabama is the “home state” of the child on the date of the commencement of the pertinent child-custody proceeding, which prerequisite, the mother contends, has been shown not to exist. Because the term “child-custody proceeding” includes a paternity proceeding in which a child-custody issue arises, see Ala.Code 1975, § 30-3B-102(4), the mother’s substantive grounds appeared to be meritorious, and we called for the filing of answers to the petition. The father filed an answer and a motion to dismiss the petition, asserting that it was filed outside the presumptively reasonable time for seeking review of an interlocutory order of a trial court, see Rule 21(a)(3), Ala. R.App. P., and that the mother had not, as required by that rule, included in her petition a statement of circumstances constituting good cause for consideration of the petition notwithstanding a tardy filing. The mother has filed a brief in support of her petition and a response to the motion to dismiss in which she notes her current counsel’s recent retention and contends that questions of subject-matter jurisdiction are always ripe for review.
Regardless of our views of the substantive merits of the mother’s petition, we lack jurisdiction to rule upon it. The mother’s limited appearance injecting the issue of the trial court’s subject-matter jurisdiction and requesting dismissal on the basis of a lack of such jurisdiction was, in fact, ruled upon on October 31, 2011, when the Alabama court denied the mother’s motion. Under the Alabama Juvenile Justice Act, Ala.Code 1975, § 12-15-101 et seq., the juvenile — or family-court-divisions of this state’s circuit and district courts, such as the Alabama court in this case, exercise civil jurisdiction to hear paternity actions and decide matters of custody and visitation that arise incidentally in such actions. See Ala.Code 1975, §§ 12-15-102(12), 12-15-115(a)(6), and 26-17-104; see also Ex parte L.N.K., 64 So.3d 656, 657-58 (Ala.Civ.App.2010) (discussing *391 paternity jurisdiction of Jefferson Family Court). However, under Rule 4(a)(1)(E), Ala. R.App. P., and Rule 28(C), Ala. R. Juv. P., the time for taking an appeal from a final judgment of a juvenile court is 14 days after the entry of that judgment; thus, under Rule 21(a)(8), Ala. R.App. P., the “presumptively reasonable time” for the mother to seek mandamus review of the Alabama court’s overruling of her jurisdictional objections expired 14 days after the entry of the October 31, 2011, order. Because the mother neither filed a petition for a writ of mandamus within that 14-day period nor included in her April 6, 2012, mandamus petition a statement of good cause for so delaying within the body of that petition, the mother’s mandamus petition is due to be dismissed. See Ex parte Pelham Tank Lines, Inc., 898 So.2d 738, 736-37 (Ala.2004), and Ex parte Fiber Transp., L.L.C., 902 So.2d 98, 99-101 (Ala.Civ.App.2004); see also Ex parte R.W., 41 So.3d 800, 804-05 (Ala.Civ.App.2009) (plurality opinion and unanimous judgment denying, in pertinent part, a mandamus petition filed on August 6, 2009, challenging as void an order entered by a juvenile court on December 2, 2008, because petitioners had failed to comply with Rule 21(a)(3)).
The father’s motion to dismiss the mother’s mandamus petition is, for the foregoing reasons, well taken, and we hereby dismiss that petition.
PETITION DISMISSED.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur.
THOMAS, J., recuses herself.