THOMAS, Judge.
M.A.W. (“the husband”) and K.R.W. (“the wife”) were married on July 1, 2010, in Morgan County. A.M.W. (“the child”) was born on August 19, 2010. The materials submitted to this court indicate that, on August 21, 2012, the wife filed a complaint styled as a “verified complaint to establish paternity, custody, child support and visitation” in the Morgan Juvenile Court (“the juvenile court”); the wife named the husband and S.E. as defendants. In her complaint, the wife averred that S.E., and not the husband, was the biological father of the child and requested that the juvenile court “establish ] pater *721 nity of the minor child and recogniz[e] [S.E.] as the father of the said child.” S.E. filed a motion to dismiss on November 27, 2012, arguing that, among other things, because the husband was the presumed father of the child, the wife did not have standing to bring the action. S.E. attached to his motion the husband’s verified complaint for a divorce in which the husband asked to be awarded custody of the child and the wife’s answer to the divorce complaint. The juvenile court entered an order on February 13, 2013, denying S.E.’s motion to dismiss and ordering the wife, the child, and S.E. to submit to genetic testing. S.E. then filed this petition for a writ of mandamus.
“1 “A writ of mandamus is an extraordinary remedy ... that should be granted only if the trial court clearly abused its discretion by acting in an arbitrary or capricious manner.” Ex parte Edwards, 727 So.2d 792, 794 (Ala.1998). The petitioner must demonstrate:
“ ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
“ ‘Ex parte Edwards, 727 So.2d at 794 (quoting Ex parte Adams, 514 So.2d 845, 850 (Ala.1987)).’
“Ex parte D.J.B., 859 So.2d 445, 448 (Ala.Civ.App.2003).”
Ex parte S.P., 72 So.3d 1250, 1251-52 (Ala.Civ.App.2011).
S.E. seeks a writ of mandamus compelling the juvenile court to dismiss the wife’s complaint because, according to him, the wife lacked standing to institute her action. Section 26-17-602, Ala.Code 1975, a part of the Alabama Uniform Parentage Act (“the AUPA”), § 26-17-101 et seq., Aa. Code 1975, provides that any interested party may bring an action to adjudicate parentage. However, § 26-17-602 is limited in application by §§ 26-17-607 and 26-17-609, Aa.Code 1975, which restrict who has standing to seek an adjudication of paternity. When there is a presumed father, the AUPA permits the presumed father to bring an action to disprove his paternity at any time. § 26-17-607(a). However, if the presumed father wishes to persist in his presumption of paternity, no one may bring an action to disprove his paternity or to establish paternity in another man. Id. (“If the presumed father persists in his status as the legal father of a child, neither the mother nor any other individual may maintain an action to disprove paternity.”). The Aabama Comment to § 26-17-607 specifically states that “[sjubseetion (a) follows Ex parte Presse, 554 So.2d 406 (Ala.1989)[,] and its progeny that favor maintaining the integrity of the family unit and the father-child relationship that was developed therein.”
S.E. is correct that the husband in the present case is the presumed father of the child under § 26-17-204(a)(l), Aa.Code 1975, which provides that “[a] man is presumed to be the father of a child if ... he and the mother of the child are married to each other and the child is born during the marriage.” The husband and the wife were married before the child was born, and, although it appears that the husband has filed a complaint for a divorce, they remained married at the time the wife filed the underlying action and S.E. filed his motion to dismiss. Moreover, in the verified complaint for a divorce that he filed in the Morgan Circuit Court (“the circuit court”) on January 2, 2012, the husband requested, among other things, that the circuit court grant him custody of the two children born of the husband and *722 the wife’s marriage,[1] which included the child at issue in the present action.
Because the husband is the child’s presumed father under § 26-17-204(a) and persists in his presumption of paternity, pursuant to § 26-17-607(a) the wife lacks standing to institute an action seeking to disprove the husband’s paternity or to establish paternity in S.E. Accordingly, we grant S.E.’s petition for a writ of mandamus. Because the juvenile court’s order requiring the wife, the child, and S.E. to undergo genetic testing as a means of proving or disproving S.E.’s paternity was based on the wife’s action seeking to establish paternity, which was instituted without standing, we direct the juvenile court to vacate that order. See Cadle Co. v. Shabani, 4 So.3d 460, 463 (Ala.2008) (quoting State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala.1999) (quoting in turn Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo.Ct.App.1996))) (stating that a court that notices or is informed that it lacks subject-matter jurisdiction must dismiss the action and that “ ‘ “[a]ny other action taken by a court lacking subject matter jurisdiction is null and void” ’ ”).
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Apparently, at the time the husband filed his divorce complaint, the wife was pregnant. M.W. was born on February 8, 2012. The paternity of M.W. is not an issue in the present case.