DONALDSON, Judge.
J.S.M. appeals from the denial of his “Motion to Establish Paternity” and his “Motion to Intervene” as the alleged biological father in the underlying termination-of-parental-rights case. Because we hold that the juvenile court erred in failing to hold a hearing on J.S.M.⅛ motion to intervene, we reverse the underlying judgment and remand the matter for a hearing.

Facts and Procedural History

L.E. (“the child”) was born on January 16, 2012, while K.E. (“the mother”) was married to J.O. The Cleburne County Department of Human Resources (“DHR”) obtained temporary custody of the child on *485 January 18, 2012. On June 21, 2012, DHR petitioned the juvenile court (“the trial court”) to terminate the parental rights of the mother and J.O. as to the child “due to the parents’ failure and inability to properly care for the child.” J.O. was served by publication directed to “[J.O.] and any unknown fathers,” after which he filed an affidavit of substantial hardship and was appointed counsel. On October 1, 2012, J.O. filed an answer to DHR’s petition, denying the allegations. The trial court set the matter for a hearing on October 22, 2012, and it reset that hearing for November 16, 2012. On October 24, 2012, J.O. filed a “Motion for Immediate DNA Testing.” On November 1, 2012, J.O. filed a “Motion to Repudiate Paternity.”
On November 8, 2012, J.S.M., the alleged biological father of the child, filed a “Motion to Establish Paternity,” presumably in response to the notice by publication. On November 15, 2012, J.S.M. filed an answer to DHR’s petition, a motion to continue the hearing on DHR’s petition, and a “Motion to Intervene.” On November 15, 2012, the trial court denied J.O.’s “Motion to Repudiate Paternity” and his “Motion for Immediate DNA Testing” and also denied J.S.M.’s “Motion to Establish Paternity,” his motion to intervene, and his motion to continue. The trial court did not hold a hearing on any of the motions it denied.
On November 16, 2012, J.O. filed an “Answer and Consent to Petition for Permanent Custody and Termination of Parental Rights.” On November 16, 2012, the trial court terminated the mother’s and J.O.’s parental rights, and neither filed an appeal. J.S.M. filed a motion to alter, amend, or vacate, addressing the denial of his motion to intervene and his “Motion to Establish Paternity,” on November 29, 2012, which was denied by operation of law. J.S.M. filed this timely appeal.
J.S.M. raises two issues on appeal: whether the trial court erred in denying J.S.M.’s motion to intervene and whether the trial court erred in denying his “Motion to Establish Paternity” without holding an evidentiary hearing. DHR agrees with J.S.M.’s allegations of error.

Standard of Review

“Alabama law does indeed afford a party whose motion to intervene has been denied a right to appeal from that decision; in Thrasher v. Bartlett, 424 So.2d 605, 607 (Ala.1982), and Universal Underwriters Insurance Co. v. Anglen, 630 So.2d 441, 442 (Ala.1993), the Alabama Supreme Court, citing federal authorities in support, concluded that an order denying intervention as of right and an order denying permissive intervention, respectively, were each appealable final judgments.”
Shaw v. State ex rel. Hayes, 953 So.2d 1247, 1251-52 (Ala.Civ.App.2006).
“[W]e note that Rule 24(a), Ala. R. Civ. P., provides, in pertinent part:
“ ‘Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant’s ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.’
“Our supreme court has stated:
“ ‘The decision to grant or to deny a motion to intervene is within the sound discretion of the trial court, and this Court will not disturb that ruling absent an abuse of discretion. In its *486 exercise of discretion, the trial court must determine whether the potential intervenor has demonstrated: (1) that its motion is timely; (2) that it has a sufficient interest relating to the property or transaction; (3) that its ability to protect its interest may, as a practical matter, be impaired or impeded; and (4) that its interest is not adequately represented.’
“City of Dora v. Beavers, 692 So.2d 808, 810 (Ala.1997) (citations omitted).”
D.S. v. Cullman Cnty. Dep’t of Human Res., 42 So.3d 1284, 1286 (Ala.Civ.App.2010).

Analysis

Pursuant to the Alabama Uniform Parentage Act, § 26-17-101 et seq., Ala.Code 1975, “[ujnless parental rights are terminated, a parent-child relationship established under this chapter applies for all purposes, except as otherwise specifically provided by other law of this state.” § 26-17-203, Ala.Code 1975. “A man is presumed to be the father of a child if ... he and the mother of the child are married to each other and the child is born during the marriage.” § 26-17-204(a)(l). “A presumption of paternity established under this section may be rebutted only by an adjudication under Article 6[, i.e., § 26-17-601 through § 26-17-638].” § 26-17-204(b).
“We have held that a man in the biological father’s position does have a right to intervene in a custody case concerning a child he claims to have fathered because ‘“the matter of custody of a child to which one seeks to establish paternity is a matter of such interest as to provide intervention of right,” ’ W.D.R.[ v. H.M.], 897 So.2d [327,] 330 [ (Ala.Civ.App.2004) ] (quoting Finkenbinder v. Burton, 452 So.2d 880, 883 (Ala.Civ.App.1984), superseded by statute as noted in Foster v. Whitley, 564 So.2d 990, 991 (Ala.Civ.App.1990)). However, although such a man has a right to intervene, as noted above, the pivotal issue of the biological father’s standing to actually prove his paternity of [the child] turns on whether the legal father persists in his presumption of paternity. W.D.R., 897 So.2d at 331. In W.D.R., we were presented with the question of what happens after a man in the same position as the biological father in the present case is permitted to intervene. Id. at 330-31. We held, based on a similar holding in J.O.J. v. R.R., 895 So.2d 336, 340 (Ala.Civ.App.2004), that ‘a man seeking to establish paternity of a child born during the mother’s marriage to another man must be given the opportunity to establish standing in an eviden-tiary hearing where he and others may present evidence bearing on whether the presumed father ... persisted in his presumption of paternity.’ W.D.R., 897 So.2d at 331.”
R.D.B. v. A. C., 27 So.3d 1283, 1287 (Ala.Civ.App.2009). The record is clear that, at all times relevant to this matter, J.S.M. consistently asserted that he was the biological father of the child. Although the consent to termination filed by J.O. suggests that he was persisting in his presumption of paternity, J.S.M., as the alleged biological father of the child, should have been “given the opportunity to establish standing in an evidentiary hearing where he and others may present evidence bearing on whether the presumed father ... persisted in his presumption of paternity.” W.D.R. v. H.M., 897 So.2d 327, 331 (Ala.Civ.App.2004). Whether J.S.M. is ultimately successful in meeting his burden of demonstrating that J.O. did not persist in his presumption of paternity is not properly before this court. Therefore, we pre-termit the question whether the trial court *487 erred in denying J.S.M.’s “Motion to Establish Paternity.”
Based on J.S.M.’s right as an alleged biological father to a hearing on his motion to intervene, we reverse the order of the trial court denying the motion to intervene and remand this matter with instructions to conduct a hearing on J.S.M.’s motion to intervene.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.