THOMPSON, Presiding Judge.
On May 29, 2018, M.W.F. filed in the Blount District Court (“the trial court”) a petition seeking to establish his paternity of a child (“the child”) born in 2012 to A.M.E. (“the mother”). In his petition, M.W.F. alleged that the mother became pregnant during her relationship with him and that the relationship ended before the birth of the child. M.W.F. further alleged that, in response to his inquiries regarding the pregnancy, the mother informed him that “the baby did not survive.” According to M.W.F., he learned that the child had, in fact, been born healthy, and he sought an order establishing his paternity of the child.
In response to M.W.F.’s petition, the mother filed a motion to dismiss in which she alleged that M.W.F. lacked standing to seek a paternity determination because, she stated, she was married to another man at the time of the child’s birth. The mother filed a brief in support of her motion to dismiss in which she alleged that, at the time the child was born, she was married at common law to M.L. In support of that brief, the mother submitted an affidavit in which she testified:
“I am the Defendant in the above-styled case. I am a resident of the State of Alabama, Blount County and have been for more than six (6) months. I am the Mother of the minor child at issue. I am a married woman having become married on September 1, 2012, to [M.L.], also a resident of Blount County. The minor child at issue is a child of our marriage. My Husband and I did not obtain a marriage license, thereby intending, agreeing to and becoming permanently married via common law. My Husband and I had the capacity to marry, being over the age of nineteen (19), both having never married before, being unrelated by blood, being of sound mind and body at the time of the marriage, which was consummated. My Husband and I have and do continue here to hold ourselves out to be Husband and Wife. My Husband and I hold ourselves out publicly to the community, friends, family, and neighbors as Husband and Wife and are recognized as such. My Husband and I live in the same home, cohabitating with our minor child. My Husband and I have an exclusive marital relationship, to the exclusion of all other relationships. My Husband and I share marital duties, such as sharing income, expenses, household duties, and refer to each other as ‘husband’ and ‘wife.’ ”
In support of the mother’s motion to dismiss MW.F.’s paternity action, M.L. submitted an affidavit that was similar in substance, and identical in many other respects, to the mother’s affidavit. In his affidavit, M.L. testified that the child was born during his and the mother’s alleged common-law marriage.
M.W.F. opposed the mother’s motion to dismiss, arguing that whether there exists a common-law marriage between the mother and M.L. is a question of fact. Thus, M.W.F. argued, the trial court should conduct an evidentiary hearing on the issue whether the mother was married at common law to M.L.
On October 11, 2013, the trial court entered an order denying the mother’s motion to dismiss the paternity action. In that order, the trial court also ordered the parties to submit to paternity testing.
The mother filed a purported post-judgment motion. See SCI Alabama Funeral Sens., Inc. v. Hester, 984 So.2d 1207,1208 n. 1 (Ala.Civ.App.2007) (“A valid *395 postjudgment motion may only be taken in reference to a final judgment.”). The trial court did not rule on that motion. The mother timely filed her petition for a writ of mandamus in this court from the October 11, 2013, order. See Rule 21(a)(3), Ala. R.App. P. (“The petition [for a writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court ... shall be the same as the time for taking an appeal.”); and Ex parte A.E.Q., 102 So.3d 388, 390-91 (Ala.Civ.App.2012) (The presumptively reasonable time for filing a petition for a writ of mandamus in a juvenile case is within 14 days of the entry of the order being challenged.).[1]
In her brief to this court, the mother asks this court to issue a writ of mandamus directing the trial court to dismiss M.W.F.’s paternity action;[2] she contends the trial court lacks subject-matter jurisdiction over the action.
“ ‘Mandamus is an extraordinary remedy and will be granted only where there is “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991). This Court will not issue the writ of mandamus where the petitioner has “full and adequate relief’ by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881)).’
“Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003). “‘The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.” ’ Ex parte Chemical Waste Mgmt., Inc., 929 So.2d 1007, 1010 (Ala. 2005) (quoting Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala. 2003)).”
Ex parte Safeway Ins. Co. of Alabama, Inc., [Ms. 1120439, Oct. 4, 2013] — So.3d -,-(Ala.2013).
The Alabama Uniform Parentage Act (“the AUPA”), § 26-17-101 et seq., Ala.Code 1975, governs this action. Under the AUPA,
“[t]he father-child relationship may be established between a man and a child by:
“(1) an unrebutted presumption of the man’s paternity of the child under Section 26-17-204;
“(2) an effective acknowledgment of paternity by the man under Article 3[, i.e., § 26-17-301 to § 26-17-315], un *396 less the acknowledgment has been rescinded or successfully challenged;
“(3) an adjudication of the man’s paternity;
“(4) adoption of the child by the man; or
“(5) the man’s having consented to assisted reproduction by a woman under Article 7[, i.e., § 26-17-701 to § 26-17-707,] which resulted in the birth of the child.”
§ 26-17-201(b), Ala.Code 1975.
In this case, M.W.F. seeks to have his paternity adjudicated by the trial court. See § 26 — 17—201(b)(3). In response, the mother contends that M.L., to whom she says she was married at the time of the child’s birth, is the presumed father of the child. Section § 26 — 17—204(a)(1), Ala.Code 1975, specifies that, among others, a man who is married to a child’s mother at the time of the child’s birth is the child’s presumed father. The mother relies on § 26-17-607(a), Ala.Code 1975, which provides that if a presumed father of a child “persists in his status as the legal father of a child, neither the mother nor any other individual may maintain an action to disprove paternity.” See also D.F.H. v. J.D.G., 125 So.3d 146, 153 (Ala.Civ.App. 2013). The mother submitted an affidavit to the trial court in which M.L. testified, in essence, that he wanted to persist in any presumption of paternity afforded him under § 26-17-607(a). Therefore, in her brief to this court, the mother contends that M.W.F. lacks standing to assert his paternity by virtue of what she claims is her common-law marriage to M.L. “more than three months before the birth of the child at issue, and M.L.’s desire to claim the child as his own.”[3]
M.W.F. correctly argues that the issue whether a common-law marriage exists is a question of fact to be resolved by the trier of fact. Gray v. Bush, 835 So.2d 192 (Ala.Civ.App.2001).
“In Alabama, recognition of a common-law marriage requires proof of the following elements: (1) capacity; (2) present, mutual agreement to permanently enter the marriage relationship to the exclusion of all other relationships; and (3) public recognition of the relationship as a marriage and public assumption of marital duties and cohabitation. Stringer [v. Stringer], 689 So.2d [194,] 195 [ (Ala.Civ.App.1997) ], quoting Cros-son v. Crosson, 668 So.2d 868, 870 (Ala. Civ.App.1995), citing Boswell v. Boswell, 497 So.2d 479, 480 (Ala.1986). Whether the essential elements of a common-law marriage exist is a question of fact. Stringer, supra, citing Johnson v. Johnson, 270 Ala. 587, 120 So.2d 739 (1960), and Arrow Trucking Lines v. Robinson, 507 So.2d 1332 (Ala.Civ.App.1987). Whether the parties had the intent, or the mutual assent, to enter the marriage relationship is also a question of fact. See Mickle v. State, 21 So. 66 (1896).”
Id. at 194. Thus, M.W.F. contends that the trial court should conduct an evidentia-ry hearing in order to determine the validity of the mother’s claim of the existence of a common-law marriage that would bar M.W.F. from having standing to seek a paternity determination. We agree.
The mother’s submissions in support of her motion to dismiss — namely, the affidavits asserting that she was in a common-law marriage with M.L. — were not sufficient, alone, to warrant a dismissal under these facts. Parents have a fundamental right to the care and custody of their children. See E.H.G. v. E.R.G., 73 So.3d 614, 621 (Ala.Civ.App.2010) (“Among the fundamental rights protected by the *397 Fourteenth Amendment is the right of fit natural parents to the care, custody, and control of their children.”). We hold that, under these facts, the potential right of M.W.F. to establish his paternity, and, therefore, his right to parent the child, is not defeated absent a full evidentiary hearing on the question of fact concerning the mother’s purported common-law marriage. The trial court must resolve the question of fact concerning the existence of a common-law marriage between the mother and M.L. before it can determine the issue of M.W.F.’s standing to seek a paternity adjudication under the AUPA. The mother has not shown a clear legal right to a writ ordering the trial court to dismiss M.W.F.’s paternity action. Accordingly, we deny the petition for a writ of mandamus.
PETITION DENIED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The mother’s purported postjudgment motion did not operate to extend the time in which she could file her petition for a writ of mandamus. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003) (A post-judgment motion purportedly filed in reference to an interlocutory order does not toll the presumptively reasonable time in which a party may petition an appellate court for a writ of mandamus.).

. The submission of the two affidavits in support of the mother’s motion to dismiss did not operate to convert the motion to dismiss to a summary-judgment motion. See Williams v. Skysite Commc'ns Corp., 781 So.2d 241, 245 (Ala.Civ.App.2000) (rejecting an argument that the submission of evidence in support of a motion to dismiss converted that motion to a summary-judgment motion and, in so holding, noting that "[ejvidentiary matters may be freely submitted on a motion to dismiss that attacks jurisdiction” (citing Committee Comments, Rule 12, Ala. R. Civ. P., and Williams v. Minnesota Mining & Mfg. Co., 14 F.R.D. 1 (S.D.Cal.1953))); see also Ex parte Burnell, 90 So.3d 708, 709 n. 1 (Ala.2012) (same).

. The materials submitted to this court do not indicate the child’s date of birth.