PITTMAN, Judge.
T.M. (“the mother”) petitions this court for a writ of mandamus directing the Jefferson Family Court to vacate judgments denying the mother’s motion to dismiss a paternity action brought by C.M. (“the alleged father”) and directing the mother to make her ehild (“the child”) available for paternity testing. We deny the petition.

Procedural History

The materials before this court indicate that the mother and the alleged father were married at some point, that they were divorced in August 2006, and that the child was bom in January 2012. In December 2012, the alleged father filed a paternity action in the Calhoun Circuit Court, which was acting as a juvenile court,[1] asserting that the alleged father is the biological father of the child, that he should be awarded custody of the child, and that the mother should be ordered to pay child support. In August 2013, the alleged father’s paternity action was transferred to the Jefferson Family Court (“the juvenile court”).
In September 2014, the mother filed in the juvenile court a motion to dismiss the paternity action. In her motion, the mother asserted that she had given birth to the child while she was allegedly married at common law to another man, M.H., and that, pursuant to § 26-17-204(a)(l), Ala. Code 1975, M.H. is presumed to be the child’s father. Thus, the mother asserted, the alleged father was precluded from pursuing a paternity action under § 26-17-607(a), Ala.Code 1975. Section 26-17-607(a) provides, in part, that, “[i]f the presumed father persists in his status as the legal father of a child, neither the mother nor any other individual may maintain an action to disprove paternity.”
After multiple continuances, the juvenile court, on March 17, 2016, rendered judgments denying the mother’s motion to dismiss and directing the mother to make the child available for paternity testing.[2] The mother did not make the child available for paternity testing as directed by the juvenile court. Rather, she filed a mandamus petition with this court on April 13, 2016.

Discussion

The alleged father argues that the mother’s mandamus petition was not timely filed. Rule 21(a)(3), Ala. R.App. P., requires mandamus petitions to be filed “within a reasonable time.” Rule 21(a)(3) further provides that “[t]he presumptively reasonable time for filing a petition ... shall be the same as the time for taking an appeal.”
The father’s paternity action is subject to the Alabama Rules of Juvenile Procedure. See Ex parte A.E.Q., 102 So.3d 388, 390-91 (Ala.Civ.App.2012) (indicating that a paternity action pending in the Jefferson *616 Family Court was subject to the Alabama Rules of Juvenile Procedure). See also Ex parte M.A.G., 160 So.3d 22, 23 n. 1 (Ala.Civ.App.2014) (“[Ajetions concerning child support that are filed in the Jefferson Family Court and docketed with a case number having a ‘CS’ prefix are governed by the Alabama Rules of Juvenile Procedure.”). Rule 28(C), Ala, R. Juv. P., provides that an appeal must be filed within 14 days of the entry of the judgment from which the appeal is taken. See also Rule 4(a)(1)(E), Ala. R.App. P. (requiring an appeal from a final judgment of a juvenile court to be filed within 14 days of the entry of that judgment). It appears that the judgments at issue in this case were entered on March 17, 2016. See note 2, supra. Thus, the presumptively reasonable time for the mother to have filed her mandamus petition was March 31, 2016. A.E.Q., supra. The mother did not file her petition until April 13, 2016,
The mother couches her argument in terms of the juvenile court’s subject-matter jurisdiction over the alleged father’s paternity action. Although A.E.Q. indicates that a petitioner seeking mandamus relief from a judgment that is allegedly void for lack of subject-matter jurisdiction must still comply with the procedural requirements of Rule 21(a)(3), Ala. R.App. P., our supreme court has recently indicated that a mandamus petition that is filed outside the presumptively reasonable time may be considered if it challenges a judgment that is void for lack of subject-matter jurisdiction. Ex parte K.R., [Ms. 1141274, March 25, 2016] _ So.3d _, _ (Ala.2016).
This court’s precedent has suggested that, if a paternity action is commenced by a person precluded from maintaining such an action under § 26-17-607(a), the court in which the action is commenced does not acquire subject-matter jurisdiction over the action. See Ex parte S.E., 125 So.3d 720, 722 (Ala.Civ.App.2013); and D.B. v. A.K., 93 So.3d 946, 948 n. 3 (Ala.Civ.App.2012). Accordingly, out of an abundance of caution, we will consider the merits of the mother’s mandamus petition, notwithstanding that it may have been untimely filed.
“ ‘Mandamus is a drastic and extraordinary -writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).”
Ex parte S.T., 149 So.3d 1089, 1090-91 (Ala.Civ.App.2014).
If the child has a presumed father, then the alleged father would be precluded from maintaining an action to disprove the presumed father’s paternity unless the alleged father can present evidence showing that the presumed father has not “persist[ed] in his status as the legal father of [the] child.” § 26-17-607(a). See C.L.W. v. Madison Cty. Dep’t of Human Res., 170 So.3d 669, 673 (Ala.Civ.App.2014); and J.S.M. v. Cleburne Cty. Dep’t of Human Res., 140 So.3d 484, 486 (Ala.Civ.App.2013). The mother asserts that M.H. is the child’s presumed father pursuant to the mother’s and M.H.’s alleged common-law marriage.
A common-law marriage is sufficient to establish the existence of a presumed father under § 26-17-204(a)(l), Ala.Code 1975, which provides that a man is a presumed father if he and the mother of the child at issue were “married” at the time of the child’s birth. See Ex parte A.M.E., 144 So.3d 392 (Ala.Civ.App.2014) (indicating that a common-law marriage constitutes a marriage for purposes of § 26-17- *617 204(a)(1)). The materials that the mother has submitted in support of her mandamus petition, however, do not establish that the mother and M.H. were married at common law when the child was born.
The mother has submitted portions of a judgment entered by the Calhoun Circuit Court (“the Calhoun Circuit Court’s judgment”), which appears to have modified custody awards that had been made with respect to two of the mother’s other children, one of whom apparently was fathered by the alleged father and the other of whom apparently was fathered by another man, J.L. The Calhoun Circuit Court’s judgment does not reference the child at issue in the present case.
Among other directives, the Calhoun Circuit Court’s judgment ordered the mother “and her common law husband, [M.H.,] ” to participate in marital counseling. The judgment states that it was based on an agreement that had been reached by the mother, the alleged father, and J.L., and it was executed by the attorneys for those three parties. Neither M.H., nor a representative of M.H., executed the agreement that was the basis of the Calhoun Circuit Court’s judgment.
There is nothing in the Calhoun Circuit Court’s judgment specifically indicating that the issue of the mother’s alleged common-law marriage to M.H. was actually disputed or adjudicated or that the alleged father had agreed to that particular aspect of the Calhoun Circuit Court’s judgment. The mother does not point this court to authority that would support any suggestion that execution of the agreement in that case by the alleged father’s attorney is dispositive of the issue of the mother’s common-law marriage to M.H. for purposes of the present case. The mother also fails to discuss any of the requirements for establishing a common-law marriage. It is not an appellate court’s duty to perform a party’s legal research or to craft legal arguments on a party’s behalf. Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994).
We also note that the Calhoun Circuit Court’s judgment states that the parties thereto had recited their agreement to the Calhoun Circuit Court in November 2013, which occurred after the child had been born. The Calhoun Circuit Court’s judgment does not provide any indication as to how long the mother and M.H. allegedly had been married at common law. The mother fails to explain how, considering those circumstances, the Calhoun Circuit Court’s judgment shows that the mother and M.H. were married at common law at the time the child was born in January 2012.
The mother also relies on the child’s birth certificate, which identifies M.H. as the child’s father. The mother, however, does not point to any authority supporting a suggestion that the identification of M.H. as the child’s father on the child’s birth certificate establishes that the mother and M.H. were married at common law when the child was born. Dykes, supra.[3]
*618 In A.M.E., supra, this court held that affidavits submitted by A.M.E. and her alleged common-law husband, who both averred that they had been common-law spouses when the child at issue in A.M.E. was born, “were not sufficient, alone, to warrant a dismissal” of M.W.F.’s paternity action. 144 So.3d at 396. This court stated that M.W.F., the alleged father in that case, was entitled to “an evidentiary hearing in order to determine the validity of the mother’s claim of the existence of a common-law marriage,” id., before the trial court could “determine the issue of M.W.F.’s standing to seek a paternity adjudication.” 144 So.3d at 397.
Like the mother in A.M.E., the mother in the present case “has not shown a clear legal right to a writ ordering the [juvenile] court to dismiss [the alleged father’s] paternity action.” 144 So.3d at 397. The mother also has not shown a clear legal right to a writ directing the juvenile court to vacate its judgment requiring the mother to make the child available for paternity testing. The materials the mother has submitted with her mandamus petition simply do not establish that the mother and M.H. were married at common law when the child was bom or that M.H. should otherwise be considered the child’s presumed father.
We also note that, even if the mother’s evidence as to the alleged common-law marriage had been more persuasive, we are unable to determine from the materials before us whether the juvenile court has afforded the alleged father the evidentiary hearing to which he would be entitled under A.M.E.[4] Based on the foregoing, we deny the mother’s petition for a writ of mandamus.[5]
PETITION DENIED.
THOMPSON, P.J., and THOMAS and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Although the filings and orders from the court in Calhoun County that are before this court identify the “Calhoun Circuit Court” as the court in which the alleged father’s paternity action was commenced, that action was assigned a “CS” case number, which indicates that the circuit court was acting as a juvenile court. See L.M. v. K.A., 177 So.3d 1174, 1177 (Ala.Civ.App.2015).

. The juvenile court's judgments denying the mother’s motion to dismiss and ordering paternity testing are dated March 17, 2016. Although there is no indication of whether the judgments were actually entered on that date, see Rule 1(A), Ala. R. Juv. P., and Rule 58(c), Ala. R. Civ. P., the alleged father asserts in his answer to this court that they were, and the mother has not challenged that assertion.

. To the extent the mother could argue that M.H. is the presumed father of the child pursuant to § 26-17-204(a)(4), Ala.Code 1975, based on the identification of M.H. as the child’s father on the child’s birth certifícate, we note that the mother does not point to any evidence or authority indicating that M.H. consented to being identified as such or indicating that he and the mother "have married, or attempted to marry, each other by a marriage solemnized in apparent compliance with the law,” which are additional requirements of § 26-17-204(a)(4). We also note that the mother does not support with evidence her additional assertions that the child has lived with the mother and M.H. since the child’s birth and that M.H. has "welcomed [the child] into his home and provided for [the child its] entire life.” See § 26-17-204(a)(5), Ala.Code 1975.

. The court also notes that the materials before us do not demonstrate whether M.H. has persisted in the alleged presumption of paternity.

. Pursuant to Rule 38, Ala. R.App. P., which authorizes an appellate court to award damages to an appellee if the court determines "that an appeal is frivolous,” the alleged father requests an award of the attorney’s fees he claims he has incurred in responding to the mother’s mandamus petition. We deny that request.