Rel: February 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

---

### CL-2024-0512

---

### M.H.

### v.

### R.M.

### Appeal from Baldwin Juvenile Court
### (CS-16-900305.02)

FRIDY, Judge.

M.H. ("the father") appeals from a judgment that the Baldwin Juvenile Court ("the juvenile court") entered in a custody-modification action. Because the father did not timely file his notice of appeal, we dismiss his appeal.

Background

The father and R.M. ("the mother") have one child born of their nonmarital relationship ("the child"). In 2016, the father commenced a paternity action in the Baldwin Circuit Court ("the circuit court"). The circuit court docketed his action as case number CS-16-900305.00 ("the .00 case") and assigned it to Judge Carmen E. Bosch, who sits as both a circuit judge and a juvenile judge in Baldwin County. On April 25, 2017, Judge Bosch entered a final judgment in the .00 case. That judgment implicitly adjudged the father to be the father of the child, awarded the mother sole physical custody of the child, awarded the father specified visitation with the child, and awarded the parties joint legal custody of the child. On September 5, 2018, Judge Bosch entered a judgment in an action that the circuit court had docketed as case number CS-16-900305.01 ("the .01 case"). That judgment modified the visitation schedule specified in the judgment entered in the .00 case.

On August 15, 2022, the mother commenced an action in the juvenile court seeking modification of the father's visitation, a finding of contempt against the father, and the establishment of the father's child-support obligation. The juvenile court docketed the mother's action as

2

case number CS-16-900305.02 ("the .02 case") and assigned it to Judge Bosch. Thereafter, the father commenced a contempt action against the mother in the juvenile court that the juvenile court docketed as case number CS-16-900305.03 ("the .03 case") and assigned to Judge Bosch. The father filed a motion to consolidate the .02 case and the .03 case, and Judge Bosch granted that motion. Following a trial, Judge Bosch entered a judgment in the .02 case and the .03 case on May 23, 2024. That judgment modified the previous custody judgment by awarding the mother sole physical and legal custody of the child, eliminating the father's visitation, denying the father's contempt claim, and denying all other relief requested. On June 10, 2024, eighteen days after the entry of the judgment, the father filed a postjudgment motion. On June 21, 2024, the mother filed a response to the father's postjudgment motion asserting that the father's postjudgment motion was untimely because Rule 1(B) of the Alabama Rules of Juvenile Procedure requires that a postjudgment motion be filed within fourteen days after the entry of a final judgment. On June 27, 2024, thirty-five days after the entry of the judgment, the father filed a notice of appeal.

Analysis

As a threshold matter, we must determine whether the father timely filed his notice of appeal, because the timely filing of a notice of appeal is a jurisdictional act. See Beatty v. Carmichael, 293 So. 3d 874, 877 (Ala. 2019).

Circuit courts and juvenile courts have concurrent jurisdiction over paternity actions. See § 26-17-104, Ala. Code 1975; § 12-15-115(a)(6), Ala. Code 1975; Ex parte Anderson, 385 So. 3d 1008, 1009-10 (Ala. Civ. App. 2023). Although the father commenced his initial paternity action in the circuit court, this court has, in the past, held that, when a case is given a case number beginning with "CS," as the .00 case was, the action should be treated as having been commenced in a juvenile court. See, e.g., Ex parte T.M., 210 So. 3d 614, 615 n.1 (Ala. Civ. App. 2016); L.M. v. K.A., 177 So. 3d 1174, 1177 n.5 (Ala. Civ. App. 2015). We need not decide in this appeal, however, whether the father's initial action -- the .00 case -- was properly before the circuit court or the juvenile court, because it is clear that the mother commenced the .02 case, which is the subject of this appeal, in the juvenile court.

Because the present case was before the juvenile court, the Alabama Rules of Juvenile Procedure apply to it. See Rule 1(A), Ala. R. Juv. P.

4

Under Rule 1(B), Ala. R. Juv. P., a postjudgment motion must be filed in a case in juvenile court within fourteen days after the entry of the final judgment. The father did not file his postjudgment motion within that fourteen-day period. An untimely filed postjudgment motion will not toll the time for filing a notice of appeal. See C.B. v. D.P.B., 80 So. 3d 918, 920 (Ala. Civ. App. 2011). Therefore, the time for the father to file his notice of appeal was fourteen days from the entry of the judgment on May 23, 2024. The father did not file his notice of appeal until thirty-five days after the entry of that judgment. Rule 2(a)(1), Ala. R. App. P., provides: "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Therefore, we dismiss the father's appeal.

APPEAL DISMISSED.

Moore, P.J., and Edwards, Hanson, and Lewis, JJ., concur.