MOORE, Judge.
A.S., the mother, appeals from an August 30, 2011, judgment of the Henry Juvenile Court (“the juvenile court”) finding her three children, D.W., J.W., and T.W., to be dependent. In that same judgment, the juvenile court awarded custody of D.W. to L.L.D., D.W.’s maternal great-grandmother, and awarded custody of J.W. and T.W. to M.W., whom the juvenile court had adjudicated to be their biological father.
In her very short brief to this court, the mother argues that M.W. lacked standing to maintain a paternity action and that, because he lacked standing, “all proceedings in [the juvenile court] regarding these children result in void orders.” However, the “proceedings” began and were maintained throughout as a dependency action filed by the Henry County Department of Human Resources (“DHR”), which clearly had standing. See Rule 12(A), Ala. R. Juv. P. Hence, the juvenile court did not lack subject-matter jurisdiction to adjudicate D.W., J.W., and T.W. dependent and to dispose of their custody in accordance with the dependency statutes. The juvenile court’s August 30, 2011, judgment to that effect is not void, and, because the mother does not make any argument regarding its correctness, it is affirmed.
The mother’s argument really pertains only to the judgment adjudicating the paternity of J.W. and T.W. (hereinafter referred to as “the children.”).[1] The juvenile court entered that judgment on April 22, 2010, concluding, based on the results of genetic testing, that M.W. was the biological father of the children. That judgment, which was entered in the dependency proceedings regarding the children, remained interlocutory in nature until the final judgment was entered on August 30, 2011, disposing of the custody of the children. At the final dispositional hearing on August 8, 2011, the mother asserted, for the first time, that the children were born during her marriage to another man, J.L.W.; she entered into evidence her and J.L.W.’s marriage certificate and her affidavit asserting that J.L.W. persisted in the presumption of his paternity. Based on that evidence, the mother, citing Ex parte Presse, 554 So.2d 406 (Ala.1989), maintained that no other man, including M.W., had standing to seek an adverse paternity adjudication and, thus, that the juvenile court lacked subject-matter jurisdiction to make its paternity adjudication a final judgment.
*1114 Ex parte Presse does hold that, if children are born during a marriage, the husband of the mother is the presumed father of the children and no other man shall have standing to assert his paternity of the children so long as the husband persists in the presumption that he is their father. However, several cases since Ex parte Presse have clarified that a man claiming the paternity of children born during the marriage of the mother to another man is entitled to an evidentiary hearing to prove that the mother’s husband does not persist in his presumption of paternity. See D.B. v. A.K., 93 So.3d 946 (Ala.Civ.App.2012) (summarizing caselaw). In this case, the juvenile court heard evidence that completely undermined the mother’s assertion that J.L.W. persisted in his presumption of paternity.
The evidence presented at the dis-positional hearing showed, without dispute, that the mother and J.L.W. separated shortly after their marriage and that the mother began an enduring relationship with M.W. thereafter without informing him of her continuing marriage to J.L.W. M.W. undisputedly fathered the children as determined by the genetic testing. J.L.W. has never met the children, has never supported the children, and has never asserted his parental rights to the children, including in the underlying proceedings. M.W. signed an affidavit of paternity and is listed as the father on the children’s birth certificates. He has held out the children as his own and has supported them from the time of their births. The children refer to M.W. as “Daddy.” That evidence could have clearly convinced the juvenile court that J.L.W. was not persisting in his presumption of paternity, thereby providing M.W. standing to properly invoke the subject-matter jurisdiction of the juvenile court over the issue of the children’s paternity.[2]
Nevertheless, we are constrained to hold that the judgment adjudicating the paternity of the children is void for failure to join J.L.W. as an indispensable party. Section 26-17-603, Ala. Code 1975, specifies that a “man whose paternity ... is to be adjudicated” “must be joined” as a party in a proceeding to adjudicate the parentage of a child. See also J.W. v. C.H., 988 So.2d 560, 564 (Ala.Civ.App.2007) (addressing the joinder of all presumed fathers in an action to determine a father-child relationship). The failure to join an indispensable party renders a judgment void. See, e.g., Allbritton v. Dawkins, 19 So.3d 241, 243 (Ala.Civ.App.2009). We therefore reverse the judgment of the juvenile court to the extent it adjudicated the paternity of the children, and we remand the case with directions for the juvenile court to allow for the joinder of J.L.W., if feasible, and for such other proceedings as are consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The juvenile court did not adjudicate the paternity of D.W.

. M.W. and DHR argue at length that the same evidence essentially establishes that M.W. is the legal father of the children. However, we need not decide that question at this juncture of the proceedings.