On Application for Rehearing
THOMAS, Judge.
The opinion of April 29, 2016, is withdrawn, and the following is substituted therefor.
In 2014, the Talladega Juvenile Court (“the juvenile court”) terminated the parental rights of R.C. (“the mother”) and M.H. (“the presumed father”), a married couple, to A.C.B. (“the child”). Subsequently, L.R.B. (“the alleged biological father”) filed two separate complaints seeking to establish his paternity of the child and seeking to be awarded custody, of the child; those actions were assigned case numbers JU-12-82.04 and JU-12-82.05, respectively.
In September 2015, the juvenile court held one hearing on both complaints at which the alleged biological father presented evidence aimed at establishing his standing to seek a determination of the child’s paternity. Under the Alabama Uniform Parentage Act, codified at Ala. Code 1975, § 26-17-101 et seq. (“the AUPA”), by virtue of his being married to the mother at the time of the birth of the child, the presumed father was afforded a *925 presumption of paternity. The presumed father’s presumption arose under Ala.Code 1975, § 26-17-204(a)(l), which states that “[a] man is presumed to be the father of a child if ... he and the mother of the child are married to each other and the child is born during the marriage.” Alabama law provides that when a child has a presumed father who persists in his status as the legal father of a child, no one may seek to disprove the presumed father’s paternity. Ala.Code 1975, § 26-17-607; Ex parte Presse, 554 So.2d 406 (Ala.1989), However, a man seeking to establish his paternity of a child with a presumed father must be given the opportunity to present evidence regarding whether the presumed father has given up his presumption by his conduct. See J.OJ. v. R.R., 895 So.2d 336, 340 (Ala.Civ.App.2004) (explaining that a man is foreclosed from attempting to establish his paternity of a child who has a presumed father only' if the presumed father persisted in his presumption and stating that a trial court should “hold an evi-dentiary hearing at which the parties could attempt to establish that the [presumed father] either did or did not persist in his presumption of paternity”).
At the evidentiary hearing, the alleged biological father presented his own testimony and the testimony of the mother, of Susan Haynes, the guardian ad litem for the child, and of Beverly Booker, the clerk of the Talladega District Court. The mother and Haynes testified that the presumed father had persisted in his presumption of paternity up to the time of the disposition of the termination-of-parental-rights action; neither the alleged biological father nor Booker testified regarding the presumed father’s persistence, or lack thereof, in his presumption of paternity. Based on the testimony presented, the juvenile court determined that the alleged biological father had not proven that the presumed father had not persisted in his presumption of paternity. Thus, the juvenile court dismissed the alleged biological father’s complaints. The alleged biological father appeals those judgments. We affirm.
The alleged biological father argues that, because the presumed father’s parental rights to the child were terminated, the child no longer has a presumed father. In support of his right to seek to prove his paternity of the child, the alleged biological father relies on Ala.Code 1975, § 26-17-606(a), which allows a proceeding to establish paternity to be brought “at any time” when the child has “no presumed, acknowledged, or adjudicated father.”[1] He also-argues that Ala.Code 1975, § 26-17-203, which states that, “[u]nless parental rights are terminated, a parent-child relationship established under [the AUPA] applies for all purposes, except as otherwise specifically provided by other law of this state,” supports his argument. Despite the alleged biological father’s contention, however, the child has a presumed father, regardless of the fact that the presumed father’s rights were terminated.
Our. supreme court determined in Ex parte M.D.C., 39 So.3d 1117 (Ala.2009), that the termination of a parent’s parental rights does not extinguish that parent’s duty to pay support for the child until such time as the child is adopted and the adoption judgment extinguishes that duty. That is, although the rights of a parent are extinguished by a judgment terminating parental rights, all the obligations of the parent are not. Thus, although 'the presumed father has no right to rear the *926 child, he continues to have the duty to support her as her presumed father. If Alabama law were to allow the termination of a presumed father’s parental rights to extinguish the presumption in favor of his paternity, our supreme court could not have concluded that the termination of parental rights does not extinguish a parent’s duty to support his or her child.
Furthermore, to entertain the alleged biological father’s logic would have other illogical and dire consequences. If we consider under what other circumstances a child does not have a presumed, acknowledged, or adjudicated father, we are left to question whether, if a child’s presumed father were to die, another man should be permitted to attempt to prove paternity simply because of the presumed father’s death? We think not. In such a scenario, the presumption in favor of the deceased presumed father would continue, unless the presumed father could be shown to have relinquished his presumed fatherhood during his lifetime. See J.O.J., 895 So.2d at 340 (explaining that, in the case of an alleged biological father’s seeking to establish his paternity despite the existence of a deceased presumed father, the deceased presumed father’s estate should be made a party to the proceeding and an evidentiary hearing should be held so that the parties could attempt to establish that the deceased presumed father “either did or did not persist in his presumption of paternity”).
Furthermore, applying § 26-17-606(a) as the alleged biological father suggests could result in preventing the timely adoption of children who have been made wards of the state. Allowing men to seek to establish “at any time” their paternity of children whose presumed fathers’ rights have been terminated would result in a situation where the finality of the termination of parental rights for purposes of adoption would remain doubtful. A district court in Florida had this to say when considering a similar attempt by an alleged biological father to prove paternity of a child after her married parents’ parental rights were terminated: “[I]f a man who impregnates a married woman were permitted to assert a claim to the child after the legal parents’ parental rights were terminated, that claim would be open-ended perhaps leaving children who might otherwise be adopted without families.” Shuler v. Guardian Ad Litem Program, 17 So.3d 333, 336 (Fla.Dist.Ct.App.2009). Certainly, our legislature could not have intended such a result.
The language of § 26-17-203 does not change our conclusion. Although § 26-17-203 indicates that, “[ujnless parental rights are terminated, a parent-child relationship established under [the AUPA] applies for all purposes,” we do not agree with the alleged biological father that that language results in a determination that a termination of parental rights extinguishes a presumption of paternity that arises under the AUPA, The comment to the section supplies the context for the language used in the statute:
“This section may seem to state the obvious, but both the statement and the qualifier are necessary because without this explanation a literal reading of §§ [26-17-]201-203 could lead to erroneous statutory constructions. The basic purpose of the section is to make clear that a mother, as defined in § [26— 17-]201(a), is not a parent once her parental rights have been terminated. Similarly, a man whose paternity has been established by acknowledgment or by court adjudication may subsequently have his parental rights terminated.”
Uniform Comment to § 26-17-203. Nothing in the language of the comment indicates that the termination of parental *927 rights reverses the presumption of paternity under the AUPA. Instead, the comment indicates that the purpose of the section was to make clear that a parent could have his or her rights terminated despite having been declared a parent under the AUPA.
We cannot agree with the alleged biological father that thé termination of the presumed father’s parental rights resulted in the child’s having no presumed father so that the alleged biological father would have standing to seek an adjudication of his own paternity of the child. The child has a presumed father. The alleged biological father presented no evidence indicating that the presumed father did not persist in his presumed-father status up until the time his parental rights were terminated; in fact, all the testimony presented indicated that the presumed father had persisted in his presumed fatherhood during the termination-of-parental-rights proceeding. Thus, under our long-standing precedent, the alleged biological father lacks standing to seek an adjudication of his paternity of the child. See Ex parte Presse, 554 So.2d at 418. The judgment of the juvenile court dismissing the alleged biological father’s complaints is affirmed.
APPLICATION GRANTED; OPINION OF APRIL 29, 2016, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
PITTMAN, J., concurs.
THOMPSON, P.J., concurs in the result, without writing.
MOORE, J., dissents, with writing, which DONALDSON, J., joins.

. We note that, although not pertinent to the present case, § 26—17—606(b) limits the time in which to bring an action to establish a child-support obligation to during the minority of the child.