THOMPSON, Presiding Judge.
On February 10, 2016, M.C.S. ("the maternal grandmother") filed in the Madison Juvenile Court ("the juvenile court") a petition that initiated two dependency actions seeking to have her two minor grandchildren declared dependent. In her petition, the maternal grandmother alleged that A.O.A. was the child of R.D.S. ("the mother") and L.O.A., from whom the mother was divorced in 2010, and that N.M.D. was the father of the mother's other child, N.C.D. ("the child"). The maternal grandmother alleged that none of the parents could properly care for the children and that, therefore, the children were dependent. The juvenile court clerk assigned case number JU-16-158.01 to the dependency action pertaining to A.O.A. and case number JU-16-159.01 to the dependency action pertaining to the child. This petition for a writ of mandamus concerns only case number JU-16-159.01 pertaining to the child.
In case number JU-16-159.01 ("the dependency action"), N.M.D. answered and denied that the child was dependent; N.M.D. also counterclaimed, seeking an adjudication of his paternity of the child under the Alabama Uniform Parentage Act ("AUPA"), § 26 - 17 - 101 et seq., Ala. Code 1975, and seeking an award of custody of the child. On June 30, 2017, N.M.D. filed a "motion to intervene, amend, counterclaim, [and] join a party," seeking to add L.O.A. to the dependency action. In that motion, N.M.D. alleged that, during a recent court hearing, it had come to the juvenile court's attention that the child had been born during the marriage of the mother and L.O.A. N.M.D. requested that the juvenile court conduct a hearing to determine whether L.O.A. persisted in the presumption that he is the father of the child.
On July 28, 2017, the juvenile court entered an order denying N.M.D.'s June 30, 2017, motion. N.M.D. timely filed a petition for a writ of mandamus.
The materials submitted to this court indicate that the mother and L.O.A. were divorced in 2010 and that the divorce judgment addressed only the custody of A.O.A. That divorce judgment contained no reference to the child or to the possibility that the mother might be pregnant at the time of the divorce.[1] The juvenile court's July 28, 2017, order states that "the parties came before the court" at a hearing on July 27, 2017, but it contains no indication that any evidence was presented at that hearing, and no party argues before this court that the juvenile court received evidence at the hearing. The materials submitted by the parties also include an August 1, 2017, sworn statement, submitted to the juvenile court by the maternal grandmother and executed by L.O.A., in which L.O.A. asserts that he is the legal father of the child and that he agrees that custody of the child should be transferred to the maternal grandmother. That statement was executed and filed in the juvenile *513 court after the juvenile court entered its July 28, 2017, ruling.
N.M.D. filed a petition for a writ of mandamus in this court, arguing that he should have been afforded an evidentiary hearing on his June 30, 2017, motion. The parties do not dispute that, because the child was born during the marriage of the mother to L.O.A., L.O.A. is the child's presumed father under the AUPA. § 26-17-204(a), Ala. Code 1975 (providing that "A man is presumed to be the father of a child if: (1) he and the mother of the child are married to each other and the child is born during the marriage; (2) he and the mother of the child were married to each other and the child is born within 300 days after the marriage is terminated by death, annulment, declaration of invalidity, or divorce...."). The presumption that L.O.A. is the child's father could be rebutted only pursuant to a proceeding under Article 6 of the AUPA (see § 26-17-204(b) ), which provides, among other things, that an "interested party" may seek a paternity adjudication, subject to certain limitations. § 26-17-602(7), Ala. Code 1975. Among the limitations to the ability of an interested party such as N.M.D. to bring an action asserting paternity of a child born during the mother's marriage to another man is the provision that if the presumed father persists in the presumption in favor of his paternity, no action to disprove the presumed father's paternity may be maintained. § 26-17-607(a), Ala. Code 1975. This court has explained:
" Section 26-17-602, Ala. Code 1975, a part of the Alabama Uniform Parentage Act ('the AUPA'), § 26 - 17 - 101 et seq., Ala. Code 1975, provides that any interested party may bring an action to adjudicate parentage. However, § 26-17-602 is limited in application by §§ 26-17-607 and 26-17-609, Ala. Code 1975, which restrict who has standing to seek an adjudication of paternity. When there is a presumed father, the AUPA permits the presumed father to bring an action to disprove his paternity at any time. § 26-17-607(a). However, if the presumed father wishes to persist in his presumption of paternity, no one may bring an action to disprove his paternity or to establish paternity in another man. Id. ('If the presumed father persists in his status as the legal father of a child, neither the mother nor any other individual may maintain an action to disprove paternity.'). The Alabama Comment to § 26-17-607 specifically states that '[s]ubsection (a) follows Ex parte Presse, 554 So.2d 406 (Ala. 1989) [,] and its progeny that favor maintaining the integrity of the family unit and the father-child relationship that was developed therein.' "
Ex parte S.E., 125 So.3d 720, 721 (Ala. Civ. App. 2013).
Thus, N.M.D. could maintain his claim seeking the determination of his paternity of the child only if L.O.A. did not persist in the presumption in favor of his paternity. This court has held that a man claiming to be the father of a child who has a presumed father is entitled to an evidentiary hearing to determine whether the presumed father is persisting in the presumption that he is the father of the child. J.O.J. v. R.M., 205 So.3d 726, 728 (Ala. Civ. App. 2015) (holding that the man claiming paternity "was entitled to a hearing on the issue of whether [the presumed father] persisted in his presumption of paternity"); D.B. v. A.K., 93 So.3d 946, 948-49 (Ala. Civ. App. 2012) (same).
In D.B. v. A.K., supra, D.B. sought to establish his paternity of a child born during the mother's marriage to her husband. In that case, the mother and her husband divorced, and the divorce judgment did not mention the child. D.B. alleged that he was listed as the father on the birth certificate *514 of the child in that case and that he had taken the child into his home and had held the child out as his own. The husband executed an affidavit stating the he was maintaining the presumption in favor of his paternity. Thereafter, the juvenile court in that case entered an order dismissing D.B.'s paternity action on the basis that D.B. lacked standing to bring a paternity action when the child had a presumed father. 93 So.3d at 948. This court reversed, holding that D.B. had presented a factual controversy regarding whether the mother's husband was actually persisting in his presumption of paternity. We held that the juvenile court had erred in failing to conduct an evidentiary hearing on the issue of whether the mother's husband was persisting in the presumption in favor of his paternity, and we ordered the juvenile court to conduct such a hearing on remand. D.B. v. A.K., 93 So.3d at 949.
Similarly, in this case, N.M.D. alleged that DNA testing has established his paternity, that he is listed as the father of the child on the child's birth certificate, and that he has "taken the child into his home and claimed the child as his own." The materials before this court contain no allegation by any of the parties that L.O.A. sought to persist in the presumption in favor of his paternity. No evidence was presented to the juvenile court before it ruled that might tend to indicate that L.O.A. was persisting in the presumption in favor of his paternity.[2]
A writ of mandamus is a drastic and extraordinary remedy and should be issued only where a party demonstrates that the trial court has abused its discretion and that the party has a clear right to relief. Ex parte Moore, 642 So.2d 457, 462 (Ala. 1994). We conclude that N.M.D. has demonstrated that he is entitled to an evidentiary hearing regarding whether L.O.A. is persisting in the presumption in favor of his paternity of the child. D.B. v. A.K., supra ; L.R.B. v. Talladega Cty. Dep't of Human Res., [Ms. 2150042, July 8, 2016] 223 So.3d 923 (Ala. Civ. App. 2016) ("[A] man seeking to establish his paternity of a child with a presumed father must be given the opportunity to present evidence regarding whether the presumed father has given up his presumption by his conduct."); and A.S. v. M.W., 100 So.3d 1112, 1114 (Ala. Civ. App. 2012) ("[A] man claiming the paternity of children born during the marriage of the mother to another man is entitled to an evidentiary hearing to prove that the mother's husband does not persist in his presumption of paternity."). Accordingly, we grant the petition for a writ of mandamus and issue the writ directing the juvenile court to conduct an evidentiary hearing on the issue of whether L.O.A. is persisting in the presumption in favor of his paternity of the child.
PETITION GRANTED; WRIT ISSUED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

Neither the materials submitted to this court nor the allegations of the parties indicate the date of the child's birth.

As already explained, the sworn statement executed by L.O.A. and submitted by the maternal grandmother was executed after the juvenile court had ruled.