THOMAS, Judge.
A.J. ("the mother") gave birth to H.G.B. ("the child") on February 22, 2017. The following day, E.B. ("the acknowledged father") executed an acknowledgment of paternity and was named as the child's father on the birth certificate. The mother and the acknowledged father married on May 1, 2017.
Meanwhile, on March 28, 2017, R.E. ("the alleged father") filed a complaint seeking to establish paternity and child support in the Jefferson Juvenile Court. The mother was served with the complaint on May 11, 2017. On May 23, 2017, the mother, who was acting pro se, filed a motion to dismiss the action; in the motion she contended that the alleged father lacked standing to pursue an adjudication as to his paternity of the child because the acknowledged father was a "presumed father" under Ala. Code 1975, § 26-17-204(a)(4). The motion was not immediately ruled upon.
In her mandamus petition, the mother indicates that Judge Carnella Green Norman ordered genetic testing on June 1, 2017, after a hearing on that same date. Judge Norman set the matter for another hearing to be held in August 2017; the mother appeared for that hearing, which Judge Norman reset for January 2018 because the alleged father did not appear. However, on August 24, 2017, Judge Raymond P. Chambliss entered an order setting the case for a hearing before Judge *673 George Sims, to be held on August 29, 2017. The mother did not receive notice of the August 24, 2017, order or of the August 29, 2017, hearing.
On August 29, 2017, Judge Sims entered an order awarding visitation to the alleged father and continuing the case to October 17, 2017. Judge Sims's order indicated that the mother was not present for the hearing. The State Judicial Information System case-action-summary sheet does not reflect that notice of the October 17, 2017, hearing was sent to the mother.
On October 17, 2017, presumably after a hearing, Judge Sims entered an order determining that the alleged father is the father of the child and continuing the case for another hearing to be held on November 14, 2017; the order does not address child support and, therefore, is not a final judgment. Around that same time in October 2017, the mother learned of the entry of the August 29, 2017, order and the October 17, 2017, order. Through an attorney, the mother filed a motion seeking reconsideration of the October 17, 2017, order, the August 29, 2017, order, and the June 1, 2017, order ("the motion to reconsider").[1] The juvenile court began a hearing on the motion to reconsider on October 31, 2017, but that hearing was not completed until November 14, 2017.
On November 3, 2017, the acknowledged father filed a motion to intervene in the paternity action. In his motion, the acknowledged father contended that he is the presumed father of the child and that, therefore, he is an indispensable party to the paternity action. After the November 14, 2017, hearing, at which the juvenile court indicated it was considering the motion to intervene, the motion to reconsider, and the mother's still pending motion to dismiss, the juvenile court entered an order granting the acknowledged father's motion to intervene and denying the motion to reconsider; the order does not specifically reference the mother's motion to dismiss or indicate what other proceedings might be contemplated. Furthermore, the November 14, 2017, order does not resolve the issue of child support and is, therefore, like those before it, not a final judgment resolving the paternity action. The mother filed this petition for the writ of mandamus on November 28, 2017.
In her petition, the mother argues that this court should direct the juvenile court to set aside the June 1, 2017, August 29, 2017, and October 17, 2017, orders as void for failure to join an indispensable party. See A.S. v. M.W., 100 So.3d 1112, 1114 (Ala. Civ. App. 2012) (indicating that the failure to join all presumed fathers in an action seeking to establish paternity of a child renders the paternity judgment void). Because the mother specifically seeks relief from the June 1, 2017, August 29, 2017, and October 17, 2017, orders but not the November 14, 2017, order, we must consider whether her petition is timely. Generally, a petition for the writ of mandamus in a juvenile matter must be filed within 14 days of the entry of the order under review. See Rule 21(a)(3), Ala. R. App. P.;
*674 Ex parte C.J.A., 12 So.3d 1214, 1215-16 (Ala. Civ. App. 2009) (explaining that the presumptively reasonable time for filing a petition for the writ of mandamus in a juvenile case is 14 days). The motion to reconsider did not extend the time for filing the mother's petition for the writ of mandamus. See Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003) (explaining that motions seeking reconsideration of interlocutory orders do not toll the time for filing a petition for the writ of mandamus). The mother's petition was filed months after the entry of the June 1, 2017, and August 29, 2017, orders and six weeks after the entry of the October 17, 2017, order. Thus, the mother's November 28, 2017, petition, having been filed more than 14 days after the entry of the June 1, 2017, August 29, 2017, and October 17, 2017, orders, is untimely regarding all three orders.[2] Accordingly, the mother's petition is dismissed as having been untimely filed.
PETITION DISMISSED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

We note that the motion filed by the mother mistakenly relied on Rule 59, Ala. R. Civ. P., and Rule 60(b), Ala. R. Civ. P. However, the mother's motion is neither a Rule 59 motion, see Ex parte Troutman Sanders, LLP, 866 So.2d 547, 550 (Ala. 2003) (quoting Malone v. Gainey, 726 So.2d 725, 725 n.2 (Ala. Civ. App. 1999) )("A 'Rule 59 motion may be made only in reference to a final judgment or order.' "), nor a Rule 60(b) motion, see Hallman v. Marion Corp., 411 So.2d 130, 132 (Ala. 1982) ("Interlocutory orders ... are ... not brought within the restrictive provisions of Rule 60(b), Alabama Rules of Civil Procedure, which provides for relief from final judgments. Instead, such orders are left within the plenary power of the court that rendered them to afford relief from them as justice requires.").

Although our supreme court has indicated that a mandamus petition challenging the subject-matter jurisdiction of the trial court may be considered even when the petition is untimely, see Ex parte K.R., 210 So.3d 1106, 1112 (Ala. 2016), the mother's argument is not that the juvenile court lacked subject-matter jurisdiction over the paternity action but, instead, that the failure to name an indispensable party-the acknowledged father-renders the June 1, 2017, August 29, 2017, and October 17, 2017, orders void. "[I]t is clear that the absence of an indispensable party does not deprive the circuit court of subject-matter jurisdiction." Miller v. City of Birmingham, 235 So.3d 220, 230 (Ala. 2017) (citing Campbell v. Taylor, 159 So.3d 4, 10 (Ala. 2014) ).