PITTMAN, Judge.
*336 This mandamus petition arises from proceedings initiated by Tanya Guin seeking review of a decision of the Walker County Board of Education ("the Board") canceling Guin's employment as a contract principal under Alabama's Teacher Accountability Act ("the TAA"), Ala. Code 1975, § 16-24B-1 et seq. Because we conclude that the June 5, 2018, order of the Walker Circuit Court from which Guin has sought relief is a void order, we dismiss the petition without reaching the merits of Guin's arguments concerning the correctness of that order.
As procedural background, we first summarize some of the pertinent provisions of the TAA that bear upon the case. The TAA, which was enacted in 2000, defines "contract principal" as including "those persons hired on or after July 1, 2000, and certified for the position of principal as prescribed by the State Board of Education and who are employed by an employing board as the chief administrator of a school." Ala. Code 1975, § 16-24B-2(2). Guin was hired by the Board pursuant to the TAA to serve as a contract principal at one of its schools; however, on June 1, 2017, the superintendent of the Walker County school system notified Guin by letter that he was recommending cancellation of her employment as a contract principal[1] for cause pursuant to Ala. Code 1975, § 16-24B-3(e)(1), which permits cancellation of a contract principal's employment contract for any of 10 enumerated reasons, including immorality, insubordination, neglect of duty, conviction of a felony or a crime involving moral turpitude, failure to fulfill the duties and responsibilities imposed upon principals by the Alabama Code, willful failure to comply with board of education policy, a justifiable decrease in the number of positions due to decreased enrollment or decreased funding, failure to maintain a necessary certificate in a current status, incompetency, or failure to perform duties in a satisfactory manner, as well as for "[o]ther good and just cause." Guin requested a hearing on the superintendent's recommendation, which the Board held in early August 2017; at the conclusion of that hearing, the Board, by a majority vote, agreed with the superintendent's recommendation to cancel Guin's employment as a contract principal for cause and rendered a written order on August 10, 2017, to that effect.
The TAA provides that, in the event of a cancellation of a contract principal's contract for cause, the principal may file a written notice with the school board's chief executive officer requesting "a nonjury, expedited evidentiary hearing before the circuit court in the county in which the employing board sits"; in response to such a notice, the school board's chief executive officer, in turn, is to promptly notify the circuit court that "the employing board requests the nonjury, expedited evidentiary hearing," at which hearing "the employing board shall bear the burden to prove, by a preponderance of the evidence, that the cancellation is solely for cause." Ala. Code 1975, § 16-24B-3(e)(2) b. The TAA further provides:
"All contract principals shall be entitled to an expedited evidentiary hearing process, which shall occur within 45 days of the chief executive officer's or the contract principal's request, as the case may be, for an expedited hearing.... If the circuit court determines that it is not *337 able to complete the expedited evidentiary hearing within the 45-day period, the court shall refer the parties to a mediator to conduct the expedited evidentiary hearing within 45 days of the chief executive officer's or the contract principal's request for the expedited hearing. The written decision of the mediator shall be binding on the parties."
Ala. Code 1975, § 16-24B-3(e)(3) (emphasis added).
The term "mediator" is defined in the TAA as "[a] person who is experienced in the field of alternative dispute resolution, and/or a person who has completed a course of training in alternative dispute resolution, and/or has been recognized as an arbitrator by an entity regularly engaged in providing arbitration services." Ala. Code 1975, § 16-24B-2(6). In contrast to the TAA, which affords a mediator, upon referral by the circuit court, the power to render a binding written decision, a "mediator" in a typical civil action is tasked with presiding over "a process [as] a neutral third party assist[ing] the parties to a civil action in reaching their own settlement," but who "does not have the authority to force the parties to accept a binding decision." Ala. Code 1975, § 6-6-20(a) ; accord Rules 1(a) and 9, Ala. Civ. Ct. Med. R. In other words, the TAA envisions a "mediator" in the specific context of an expedited nonjury review as acting in lieu of the circuit judge in all respects, as will be discussed below in more detail.
On August 24, 2017, Guin timely made a request under § 16-24B-3(e)(2) b. for a nonjury, expedited evidentiary hearing of the termination of her employment as a contract principal, and the Board initiated a civil action in the Walker Circuit Court (case no. CV-17-900326), requesting a nonjury expedited evidentiary hearing to address the propriety of its decision as to Guin. However, the cause was not tried within the 45-day period set forth in the TAA because, Guin alleges in her petition, all the sitting circuit judges recused themselves from hearing the action, resulting in an appointment by the Chief Justice of the Alabama Supreme Court of a visiting circuit judge to hear the case.
In the circuit-court proceeding, one of Guin's attorneys issued 24 notices of intent to serve nonparty subpoenas duces tecum pursuant to Rule 45, Ala. R. Civ. P., upon a number of Walker County school associations, such as the "Carbon Hill Band Boosters," the "Curry Middle School PTO," the "Dora Wrestling Club," and the "Oakman Quarterback Club," seeking financial documents of those groups from 2011 to the present. The Board moved to quash the subpoenas and to issue an order prohibiting further subpoenas for records that the Board had not considered in its own hearing without a showing of good cause. On February 1, 2018, the circuit court granted the Board's motion to quash and ordered that no further subpoenas for records be issued without obtaining leave of court. Guin filed on February 6, 2018, a "motion to reconsider" that order; however, that motion was denied on March 21, 2018.
Counsel for Guin subsequently filed subpoenas duces tecum and notices seeking to take the depositions upon video and/or oral examination of numerous witnesses, including the school superintendent, a member of the Board, the Board's executive secretary, and six other Board employees. The member of the Board and the Board's executive secretary named in two of the deposition notices moved to quash the deposition notices directed to them, and the superintendent moved to quash the deposition notices directed to him and the other Board employees. On March 8, 2018, the circuit court granted the superintendent's motion to quash but denied the motion to *338 quash that had been filed by the Board member and the Board's executive secretary. However, on March 15, 2018, the circuit court granted a motion to reconsider the denial of the motion to quash that had been filed by the Board member and the Board's executive secretary and ordered that their notices of deposition would also be quashed. The circuit court denied reconsideration of the orders granting the motion to quash on March 21, 2018.
On April 6, 2018, Guin filed a petition for the writ of mandamus in this court, seeking review of the circuit court's orders of February 1, 2018, March 8, 2018, and March 15, 2018, denying issuance of the requested subpoenas duces tecum and the taking of the requested depositions. That mandamus petition was assigned case no. 2170644. This court called for responses to the petition, and two responses were filed: one by the Board as a body and one by the Board member and the Board's executive secretary whose motion to quash was ultimately granted on March 15, 2018. Among the arguments asserted by the Board in its response was that the mandamus petition was untimely under Rule 21(a)(3), Ala. R. App. P. That rule provides that "[t]he presumptively reasonable time for filing a petition seeking review of an order of a trial court ... shall be the same as the time for taking an appeal." Although Rule 4(a), Ala. R. App. P., generally provides for timely appellate review within 42 days from the entry of an appealable judgment or order, in this case the pertinent "time for taking an appeal" under the TAA from a final judgment in a proceeding involving cancellation of a principal's contract of employment is set forth in § 16-24B-5(a), Ala. Code 1975:
"All appeals of a final decision from the expedited evidentiary hearing shall lie with the Alabama Court of Civil Appeals. An appeal shall be filed within 14 days after the receipt of the final written decision of the circuit judge or the mediator. An appeal by either party shall be perfected by filing a written notice of appeal with the clerk of the Court of Civil Appeals within 14 days after the receipt of the final written decision of the circuit judge or the mediator by the party. Failure to file a timely notice of appeal shall render the decision of the circuit judge or the mediator final."
(Emphasis added.) That 14-day period is the same as that provided in Alabama law for appeals from final judgments of juvenile courts. See Rule 4(a)(1)(E), Ala. R. App. P.
In Ex parte A.J., 256 So. 3d 671 (Ala. Civ. App. 2018), this court considered the timeliness of a petition for a writ of mandamus filed by a mother of a child involved in an ongoing paternity and child-support action in a juvenile court. That petition asserted a nonjurisdictional challenge -- failure to join an indispensable party -- to interlocutory orders entered by the juvenile court on June 1, 2017, August 29, 2017, and October 17, 2017, addressing genetic testing, visitation, and paternity; the petition was filed on November 28, 2017, 14 days after the juvenile court had denied a "motion to reconsider" those orders. We dismissed the mother's petition based upon the following rationale:
"Generally, a petition for the writ of mandamus in a juvenile matter must be filed within 14 days of the entry of the order under review. See Rule 21(a)(3), Ala. R. App. P.; Ex parte C.J.A., 12 So.3d 1214, 1215-16 (Ala. Civ. App. 2009) (explaining that the presumptively reasonable time for filing a petition for the writ of mandamus in a juvenile case is 14 days). The motion to reconsider did not extend the time for filing the mother's petition for the writ of mandamus.
*339 See Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003) (explaining that motions seeking reconsideration of interlocutory orders do not toll the time for filing a petition for the writ of mandamus). The mother's petition was filed months after the entry of the June 1, 2017, and August 29, 2017, orders and six weeks after the entry of the October 17, 2017, order. Thus, the mother's November 28, 2017, petition, having been filed more than 14 days after the entry of the June 1, 2017, August 29, 2017, and October 17, 2017, orders, is untimely regarding all three orders."
Ex parte A.J., 256 So. 3d at 673-74.
Similarly, although the presumptively reasonable time for seeking mandamus review under the TAA is, as it was in Ex parte A.J., 14 days after the entry of the pertinent order, Guin's first mandamus petition was filed 64 days after the circuit court's order quashing her subpoenas duces tecum, 29 days after the circuit court's order granting the superintendent's motion to quash Guin's deposition notices, and 22 days after the circuit court entered its order providing that Guin's deposition notices directed to the Board member and the Board's executive secretary would also be quashed.[2] Further, notwithstanding the requirement in Rule 21(a)(3), Ala. R. App. P., that any petition for an extraordinary writ "filed outside [the] presumptively reasonable time ... include a statement of circumstances constituting good cause for the appellate court to consider the petition[ ] notwithstanding that it was filed beyond the presumptively reasonable time," Guin included no such statement in her first petition. This court, therefore, dismissed Guin's first mandamus petition on May 17, 2018, on the authority of Rule 21(a)(3), Ala. R. App. P.; § 16-24B-5(a), Ala. Code 1975; and Ex parte A.J., supra.[3] See Ex parte Guin (No. 2170644) --- So. 3d ---- (Ala. Civ. App. 2018) (table). One day thereafter, on May 18, 2018, the circuit court entered an order ("the May 18 referral order") in which that court stated that that court would not be able to hear the cause within 45 days and referred the matter to a mediator.
Notwithstanding the May 18 referral order, counsel for Guin, between May 21 and May 23, 2018, filed a number of notices of intent to serve document-production and deposition subpoenas upon various other persons, including four Board members (William Edward Gilbert, James Lynn Rigsby, Lee Ann Morgan Headrick, and Michael Todd Vick); the First Bank of Jasper ("the Bank"); and six other individuals (Joanne Cordell, Ginger Lacy Stacks, Lila Bridges Farley, Luann Redmill, Gina Lynn Wisener, and Miki Renee Pate ("the individuals") ). However, none of those filings were preceded by a motion for leave from the circuit court. The Board members named in the new subpoenas moved to quash the subpoenas intended to be issued to them, and the Board in its official capacity (acting through its superintendent) separately *340 moved to quash the subpoenas intended to be issued to the individuals and the Bank; among the grounds asserted was that the subpoenas were in contravention of the circuit court's prior order of February 1, 2018. The circuit court, again without taking cognizance of the May 18 referral order, held a hearing on May 29, 2018, regarding the motions to quash and entered an order on June 5, 2018, purporting to grant the motions to quash as to the subpoenas and to limit depositions of the Board members to one hour each. That order stated:
"During the hearing, the Court explained, and both parties agreed, that the ultimate issue to be determined by the court is whether 'the cancellation [of Guin's contract was] solely for cause pursuant to subdivision (1)' [of] the Alabama Teacher Tenure Act. The plain language of § 16-24B-3 expressly limits the issue on appeal before this court and places the burden of proof on the Board to prove, by a preponderance of the evidence, that its decision to terminate Guin was solely for cause. The statute also provides for an expedited evidentiary hearing to be completed within 45 days of initiating the action in the circuit court. Therefore, it is clear the legislature did not intend for the circuit courts to become entrenched in a review of the [B]oard's decision and did not envision or provide for a long drawn out process involving copious amounts of discovery on a multitude of issues. But rather, the statute calls for an expedient and simplified review that is to be completed within a [matter] of weeks. Accordingly, in reaching a decision regarding allowable discovery during this statutorily limited hearing procedure, this Court's primary concern is to balance [Guin's] right to due process, with the [Board's] right to an expeditious resolution of this matter.
"To this end, the Court notes that [ Ala. R. Civ. P., Rule 26,] permits discovery of relevant information not otherwise privileged. However, this same rule gives this Court the authority to limit or restrict the discovery process. Due to the expansive amount of discovery previously sought by [Guin] while this matter has been pending before the Court, and the protracted disputes, objections and responses filed and raised by the parties regarding discovery, on February 1, 2018, under the general discretionary authority of this Court and pursuant to the authority granted to this Court under Rule 26, this Court ordered that, 'The parties are ORDERED not to issue any other subpoenas for records in this action without first obtaining leave of court'.... This Order was entered, not to be punitive, but instead, to afford both parties access to information, in the Court's discretion, relevant to the issue before the Court, while at the same time avoiding useless expenditure of time and resources, both of the parties and of this Court. It was envisioned by the Court that if either party deemed it necessary to issue document subpoenas, that the party would make a proper showing to the Court, in writing, setting out the basis for requesting the subpoenas sought, so that the Court could make an initial determination regarding the relevance of the information sought in a judicially expeditious fashion, based on the proffer made by the party seeking the discovery, explaining how the discovery being sought was, in fact, relevant to the issue raised in this cause.
"Rather than ... comply with this Court's directive set out in its February 1, 2018 order, the clerk's record in this case reflects that [Guin] has recently issued and served nine deposition notices with subpoenas duces tecum, on numerous individuals, subpoenaing them *341 to produce documents spanning back as much as seven years.
"....
"The [Board] has objected to and moved to quash the most recent subpoenas served by [Guin], asserting, as grounds, among other things, that the subpoenas were issued in violation of this Court's February 1, 2018 Order, and that the subpoenas seek documents that the Court has previously ruled were not relevant to the limited issue presented in this case. The Court finds that the deposition notices, which contain subpoenas duces tecum, were issued by [Guin] in violation of this Court's February 1, 2018 order, and based on this ground, standing alone, are therefore due to be quashed. Additionally, and alternatively, to the extent that the Court has previously ruled in this case that the information and testimony sought by said subpoenas duces tecum is ... irrelevant and is not otherwise subject to being produced by the individuals that it is sought from, the law of the case doctrine similarly requires a finding that said subpoenas are due to be quashed.
"The parties also disagree as to whether [Guin] should be allowed to depose the individual Board members. The Board members' attorney argued that the individual Board members should not be required to testify, in any respect, regarding statements or communications that they made during the course of the administrative proceedings before the Board, asserting that said communications are absolutely privileged. [Guin]'s counsel argued in response that the statute and case law do not afford any privilege covering communications made during the course of the Board's proceedings and that [Guin] should be allowed to depose the individual Board members regarding all communications made daring the Board's administrative process. In short, the Court does not fully agree with either party's contention.
"It is worth noting again that at the expedited hearing, the issue to be decided by this Court is whether the Board has proven by a preponderance of the evidence that Guin's contract was terminated solely for cause pursuant to subdivision (1) of [ Ala. Code 1975, § 16-24B-3(e) ]. Although the Court agrees with the Board members' contention that certain discussions between the Board members, and in particular, discussions made in executive session during their deliberation process, are protected by privilege, it is the opinion of the Court that individual Board members may be deposed and questioned regarding non-privileged communications made outside of their deliberations, relevant to the basis for their decision to terminate [Guin's] contract. Such testimony goes to the very essence of the issue to be determined by the court.
"....
"Based on the foregoing, IT IS THEREFORE ORDERED, ADJUDGED and DECREED by the Court as follows:
"1. That the Motion to Quash and For Protective Order ... filed on May 23, 2018 on behalf of Jamie Rigsby, Todd Vick, Bill Ed Gilbert, and Lee Ann Headrick [the Board members] is hereby GRANTED, without prejudice to [Guin]'s right to depose the three Board Members who voted to terminate [Guin]'s contract, consistent with the limitations set out below:
"2. That the Motion to Quash Subpoenas for Depositions and for Protective Order filed by [the superintendent] on May 25, 2018, [is] hereby GRANTED; and *342 "3. That the Motion to Quash Non-Party Subpoena to First Bank of Jasper and for Protective Order ... filed on May 24, 2018 by the [superintendent] is hereby GRANTED.
"4. All deposition notices and the subpoenas duces tecum issued therewith are hereby QUASHED, and held for naught.
"....
"6. That the parties are directed to confer with each other in an effort to agree on a time for the Board members to be deposed. It is anticipated by the Court that said depositions should be completed within one day. It is FURTHER ORDERED by the Court that no Board member shall be deposed in excess of one hour. If the parties are unable to agree on a time for taking said depositions within seventy-two hours of the entry of this Order, the Court will enter an order setting the date and time for the same.
"7. That no other discovery request shall be filed by either party without first obtaining leave of Court, nor shall any request for discovery be made until after the completion of the Board [m]embers depositions, as these depositions should more clearly delineate the extent to which additional discovery, if any, is necessary, and help to define the scope of any necessary discovery."
Guin filed the present mandamus petition, which is directed to the June 5, 2018, order, on June 19, 2018. Unlike her first petition, this present petition was filed within a presumptively reasonable time as to the circuit court's June 5, 2018, order. However, after a preliminary examination of the present petition, this court requested the respondents to address, in addition to the substantive issues raised by this petition, whether the June 5, 2018, order was within the subject-matter jurisdiction of the circuit court in light of the May 18 referral order; the court also invited a reply from Guin. Although the respondents posit that the circuit court acted within its jurisdiction to render its June 5, 2018, order acting on their motions to quash, Guin contends that the circuit court relinquished its further jurisdiction in the underlying matter.
Our review of the TAA convinces this court that Guin's position is the more sound one. As we have noted, § 16-24B-3(e)(3) provides for "an expedited evidentiary hearing process" that is to occur "within 45 days of the ... request ... for an expedited hearing." The legislature clearly envisioned that time was to be of the essence in holding such a hearing to review the cancellation or nonrenewal of an employment contract of a contract principal because it mandated in that Code section that "the court shall refer the parties to a mediator to conduct the expedited evidentiary hearing within 45 days of the ... request for the expedited hearing" if the circuit court "determines that it is not able to complete the expedited evidentiary hearing within the 45-day period." Id. (emphasis added). In such instances, the TAA provides that the mediator acts in all respects in the circuit court's stead with respect to the review of the pertinent school board's decision. The mediator, like the circuit court, has the power to "excuse[ ]" a party's "[f]ailure to file a timely request for an expedited evidentiary hearing" ( Ala. Code 1975, § 16-24B-3(f)(1) ); the mediator's "written decision," like that of the circuit court, is "binding on the parties" ( § 16-24B-3(e)(3) ); the mediator's decision, like that of the circuit court, is "exclusively appealable to" this court for "a nonevidentiary appeal ... limited to the record from the expedited evidentiary hearing" ( § 16-24B-3(g) ; see also § 16-24B-5(a) ("[a]n appeal shall be filed within *343 14 days after the receipt of the final written decision of the circuit judge or the mediator") ); and a mediator's final written decision that is either not appealed to this court or is affirmed "shall have the force and effect of a final judgment upon which execution may issue, or which may be enforced by other appropriate writ" ( § 16-24B-5(c) ). Thus, there is no sound basis for dispute that a referral by a circuit court to a mediator of a civil action in which an expedited evidentiary hearing is called for under the TAA is a final and irrevocable delegation of the circuit court's jurisdiction to determine matters arising in that action, and the parties are thereafter bound by the orders and the judgment of the mediator insofar as they are not disturbed on further review by the appellate courts of Alabama.
In Ex parte MedPartners, Inc., 820 So.2d 815 (Ala. 2001), our supreme court considered whether a circuit court that had transferred a civil action to another tribunal had the power to take any further action in the action, such as to rescind its transfer order and reassert its former jurisdiction over the action. Our supreme court answered that question in the negative:
"Once the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned. Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953). Furthermore, the trial judge of the transferee court may not consider a motion to retransfer the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So.2d 1201 (Ala. 1985). The aggrieved party's sole remedy in such a case is a petition for writ of mandamus directed to the transferor court."
820 So.2d at 821.
Based upon the foregoing facts and authorities, we conclude that the May 18 referral order divested the circuit court of subject-matter jurisdiction to hear and rule upon Guin's subsequent discovery requests and the respondents' motions to quash them. As was the case in Ex parte Wynn, 227 So.3d 534, 535 (Ala. Civ. App. 2017), "[t]his court cannot reach the merits of [the mandamus petitioner's] argument ... because the trial court's [challenged] orders are void." On the authority of Ex parte Wynn, we dismiss this mandamus petition.[4]
PETITION DISMISSED.
Thompson, P.J., and Donaldson, J., concur.
Moore, J., concurs in the result, without writing.

The letter also indicated that the superintendent was recommending termination of Guin's employment as a tenured teacher under other statutory provisions.

Moreover, although Ex parte A.J. clearly indicates that the presumptively reasonable time for seeking mandamus review of an interlocutory order is not tolled by a petitioner's motions to reconsider that order, Guin's first petition was filed more than 14 days after the circuit court's orders denying Guin's motions to reconsider directed to the circuit court's orders quashing her subpoenas duces tecum and granting the superintendent's motion to quash Guin's deposition notices.

According to one of the answers filed in response to the present mandamus petition, Guin has sought review, pursuant to Rule 21(e), Ala. R. App. P., in our supreme court of this court's judgment dismissing her first mandamus petition.

Guin has also sought a stay of proceedings in the underlying civil action; we deny that motion as moot in light of our decision as to the second mandamus petition.