Rel: March 6, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0701

_____

### R.G.W.

### v.

### H.R.A.

### Appeal from DeKalb Juvenile Court
### (CS-21-14)

EDWARDS, Judge.

On April 15, 2021, R.G.W. ("the biological father") filed in the DeKalb Juvenile Court ("the juvenile court") a document entitled "Settlement Agreement for Child Custody and Child Support" ("the settlement agreement"). The settlement agreement provided that the

biological father and H.R.A. ("the mother") were the parents of A.K.-M.W. ("the child"), that the biological father would have sole physical custody of the child subject to the mother's right to exercise visitation according to "the court's standard visitation" schedule, a copy of which was attached to the settlement agreement, and that neither party would pay any child support. The State Judicial Information System case-action-summary sheet indicates that no action was taken in the case until July 2025, when the juvenile court set the matter for a hearing. The biological father's counsel filed a notice of appearance and a motion to allow discovery on July 7, 2025.

The juvenile court granted the motion to allow discovery on July 8, 2025, and counsel for the biological father filed a notice of service of requests for admissions and interrogatories on the mother. The record does not reflect that the mother was served, but counsel for the mother filed a notice of appearance on July 14, 2025. The mother filed a motion to dismiss the "action," arguing in that motion that no complaint had ever been filed and thus that the juvenile court had not acquired jurisdiction.

On July 15, 2025, the juvenile court entered an order dismissing the "action." In that order, the juvenile court concluded that the

2

biological father lacked the ability to bring a paternity action, because, the juvenile court found, at the time the child was born, the mother had been married to another man, J.B. ("the former husband"), who was the child's legal father and who persisted in his legal status. See Ala. Code 1975, § 26-17-607. On July 29, 2025, the biological father filed a postjudgment motion to which he attached documents, including a complaint filed by the mother and the former husband seeking a modification of their divorce judgment to determine that the biological father was the child's father, indicating that the former husband had not persisted in his status as the legal father of the child. The juvenile court held a hearing, during which the mother continued to argue that the juvenile court lacked jurisdiction because the biological father had not filed a complaint. The juvenile court failed to timely rule on the biological father's postjudgment motion, and it was denied by operation of law on August 12, 2025, see Rule 1(B), Ala. R. Juv. P., after which the biological father filed a timely notice of appeal.[1]

---

[1]The juvenile court entered an order on August 29, 2025, purporting to deny the biological father's postjudgment motion; that order was a nullity. See C.L.R. v. M.B.M., 382 So. 3d 1249, 1252 (Ala. Civ. App. 2023).

On appeal, the biological father argues, as he did before the juvenile court, that he was entitled to an evidentiary hearing to prove that the former husband did not persist in his presumption of paternity.[2] See Ex parte N.M.D., 249 So. 3d 511, 514 (Ala. Civ. App. 2017). The mother continues to argue that the jurisdiction of the juvenile court was not properly invoked because the biological father failed to file a complaint seeking a form of relief from the juvenile court and also failed to serve the mother with a complaint.

> "In Alabama, '[a] civil action is commenced by filing a complaint with the court.' Rule 3(a), Ala. R. Civ. P. A 'complaint' is defined as '[t]he initial pleading that starts a civil action. ... In some states, this pleading is called a petition.' Black's Law Dictionary 344 (10th ed. 2014).
>
> > "'In general, a "petition" is a formal document filed in court and served on all parties, which commences the process by which a party may obtain judicial relief, and provides the opposing party with notice of the requested relief. As a pleading, it is the plaintiff's or claimant's written statement of fact which invokes the jurisdiction of the court, sets out the cause of

---

[2]Although the biological father also argues, correctly, that the juvenile court could not properly have taken judicial notice of a divorce action between the mother and the former husband, which had been adjudicated by the Jackson Circuit Court, see Garrett v. Hadden, 495 So. 2d 616, 617 (Ala. 1986), the record does not reflect that he raised in the juvenile court any challenge to the juvenile court's having taken judicial notice of the divorce action.

4

action, and seeks relief. A party may initiate, bring, or create a suit, where before no suit existed, by filing an original petition to invoke judicial process, or, after someone else creates a lawsuit by filing an original petition, may seek to intervene for good cause.'

"61A Am. Jur. 2d <u>Pleading</u> § 110 (2010) (footnotes omitted)."

<u>D.T. v. W.G.</u>, 210 So. 3d 1143, 1147 (Ala. Civ. App. 2016).

Moreover,

"[a]ccording to Rule 4(a)(1), [Ala. R. Civ. P.,] '[u]pon the filing of the complaint, ... the clerk shall forthwith issue the required summons or other process for service upon each defendant.' We explained in <u>Farmer v. Farmer</u>, 842 So. 2d 679, 681 (Ala. Civ. App. 2002), that Rule 4(a)(1) requires that, 'after a proper filing, service be made by use of a summons or other process issued by the clerk of the court.'"

<u>Id.</u> at 1147-48. The record does not disclose that the biological father perfected service of the settlement agreement on the mother at any time before an attempt to do so was made in July 2025. We recognize that the mother appeared; however, she did so solely to challenge the juvenile court's jurisdiction.

We agree with the mother that the settlement agreement that the biological father filed was not a sufficient complaint and, most importantly, did not request any form of relief cognizable in the juvenile court. A juvenile court is a court of limited jurisdiction. <u>K.C.G. v. S.J.R.</u>,

46 So. 3d 499, 501 (Ala. Civ. App. 2010). Although a juvenile court has jurisdiction over "[p]roceedings to establish parentage of a child," Ala. Code 1975, § 12-15-115(a)(6), and "[p]roceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court previously has established parentage," § 12-15-115(a)(7), the settlement agreement did not include a request that the biological father's paternity be established or seek modification or enforcement of an existing child-custody judgment entered by the juvenile court. A juvenile court also has jurisdiction over actions in which a child is alleged to be dependent, see Ala. Code 1975, § 12-15-114(a), but the biological father did not allege that the child was dependent. In addition, § 12-15-114(a) specifically provides that "[a] dependency action shall not include a custody dispute between parents."

We conclude therefore that the biological father's filing of the settlement agreement did not invoke the jurisdiction of the juvenile court. Accordingly, we affirm the order of the juvenile court dismissing the biological father's "action," albeit for a different reason than that given by the juvenile court. See Bay Lines, Inc. v. Stoughton Trailers, Inc., 838 So. 2d 1013, 1020 (Ala. 2002) (quoting City of Montgomery v.

Couturier, 373 So. 2d 625, 627 (Ala. 1979)) ("'[I]f a [judgment] correctly determines a case, the reasons on which the trial court acted are unimportant and the case will be affirmed.'"); see also Ex parte M.M.T., 148 So. 3d 728, 732 (Ala. Civ. App. 2014) (noting that this court may notice a lack of subject-matter jurisdiction ex mero motu).

AFFIRMED.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.